United States District Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BABU K. THOMAS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-3157 |
| § | |
| LOUIS DEJOY, POSTMASTER GENERAL, § | |
| UNITED STATES POSTAL SERVICE, § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a Complaint for Employment Discrimination alleging race, age, and disability discrimination and retaliation by his former employer, the United States Postal Service (USPS). ECF 1. The case is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which has been fully briefed and is ripe for determination.[1] *See* ECF 6; ECF 8; ECF 9; ECF 12. The Court recommends that the Motion to Dismiss be granted in part and denied in part, and that Plaintiff be permitted to file an Amended Complaint.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

I.   **Background**

Plaintiff, an Asian-American man born in 1963, worked for the USPS from 2000 until he was terminated in February 2018.  ECF 1-1 at 6-11.  He alleges that during his employment he was "subjected to unlawful harassment, discrimination, and hostile work environment." *Id.* at 6.  He alleges that he was diagnosed with type 2 diabetes mellitus in 2005 and severe major depression in 2009. *Id.* at 7.  Beginning in 2014, according to Plaintiff, it became difficult for him to work long hours outside due to his diabetes. *Id.*  Around that time, he applied for and was denied a promotion. *Id.*  He also alleges he reported to management that he was the victim of hostile acts, but the harassment only got worse. *Id.*  He filed an EEOC charge in June 2014. *Id.*  Due to the harassment and his medical conditions, he began missing work. *Id.* at 7-8.  The USPS placed him on Leave Without Pay (LWOP). *Id.* at 8.  He mailed several requests for reasonable accommodation, but allegedly got no response. *Id.*

USPS directed him to appear for an investigative interview in May 2017. *Id.* at 9.  At the interview, he was asked to provide medical documentation for his absence, and he again told the USPS investigator about his requests for reasonable accommodation. *Id.*  He appeared for another investigative interview in September 2017 with union representation. *Id.*  USPS sent Plaintiff a certified letter in November 2017 instructing him to report for duty and to provide medical documentation showing that he had been incapacitated since August 2014. *Id.* at 10.

Plaintiff filed grievances claiming he was not allowed to return to work. *Id.* Plaintiff claims to have "initiated a congressional inquiry on November 15, 2017 regarding discrimination, harassment, hostile work environment, reasonable accommodation and not allowing me to work." *Id.* Plaintiff also filed NLRB charges. *Id.* at 11.

Plaintiff was contacted for another investigative interview in January 2018. *Id.* On January 13, 2018, Plaintiff filed an EEOC charge "regarding not allowing to work, denying reasonable accommodation in violation of FRA, management officials lost/destroyed his medical documents including reasonable accommodation request etc." *Id.* On February 14, 2018, Plaintiff received a notice of removal asserting that he had been AWOL since September 1, 2014. *Id.*

Apparently, Plaintiff believes that USPS representatives destroyed or falsified records regarding his reasonable accommodation requests and his appearance at investigative interviews. *See, e.g.,* ECF 1-1 at 10 ("even though the plaintiff was physically present [at September 2017 interview], supervisor Miller later in February 2018 falsified official form PS 3971, that plaintiff was AWOL this day."). About four years later, on September 15, 2022, Plaintiff filed this federal case. Defendant moves to dismiss all of Plaintiff's claims for pleading deficiencies. *See* ECF 6.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1

(N.D. Tex. 2011). In this case, the Court properly considers the Exhibits attached to Plaintiff's Complaint (ECF 1-1), and his Response (ECF 8-1).[2]

Generally, a plaintiff should be given an opportunity to amend a deficient pleading unless the court determines that leave to amend would be futile. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).

### III. Analysis

Defendant alleges that Plaintiff's Complaint fails to allege sufficient factual content to state a prima facie case for race discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act (ADEA), disability discrimination under the Rehabilitation Act,[3] or retaliation for engaging in protected activity under Title VII, the ADEA, or the Rehabilitation Act. *See* ECF 6. As set forth below, the Court concludes that Plaintiff's current pleading is deficient

---

[2] Defendant's Motion to Strike the Exhibits to Plaintiff's Response (ECF 9) is DENIED because the Exhibits (January 13, 2018 and March 5, 2018 EEOC forms titled "Information for Pre-Complaint Counseling") are referenced in, or central to, Plaintiff's claims.

[3] "The Rehabilitation Act is the exclusive remedy for federal employees who allege disability claims against their employers." *Nassif v. Yellen*, No. CV H-21-1152, 2023 WL 2145539, at *6 (S.D. Tex. Feb. 21, 2023), *report and recommendation adopted*, No. 4:21-CV-01152, 2023 WL 2479629 (S.D. Tex. Mar. 10, 2023) (citing *Cavada v. McHugh*, 589 F. App'x 717, 718 (5th Cir. 2014). Rehabilitation Act claims and ADA claims are, for the most part, analyzed using the same standards. *See Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (stating "[t]he ADA and the Rehabilitation Act generally are interpreted in pari materia.").

in many respects, but because the Court cannot say that amendment would be futile, he should be given an opportunity to amend his Complaint.

### A. Race discrimination

In order to present a prima facie case of race discrimination under Title VII Plaintiff must demonstrate that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Rahman v. Exxon Mobil Corp.*, 56 F.4th 1041, 1044–45 (5th Cir. 2023) (citing *Morris v. Town of Indep.*, 827 F.3d 396, 400-01 (5th Cir. 2016)). Defendant correctly contends that Plaintiff has not pleaded that other similarly situated employees were treated more favorably. Plaintiff responds that he did not identify comparators because federal pleading rules only require "a short and plain statement of the claims." ECF 8 at 3.

Plaintiff's current pleading not only fails to provide names of comparators, it fails to allege even generally that similarly situated employees outside his protected group were treated more favorably. Therefore, Plaintiff's Complaint fails to state a plausible claim for relief and Defendant's Motion to Dismiss Plaintiff's race discrimination claim should be granted. However, the Court recommends that

6

Plaintiff be granted an opportunity to cure this deficiency by alleging facts to support each of the four elements of a prima facie case of race discrimination set forth above.

### B. Age discrimination

In order to plead a prima facie case of age discrimination, Plaintiff must plead that (1) he was discharged, (2) he was qualified for the position, (3) he was within the protected class when he was discharged, and (4) he was "either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Allen v. United States Postal Serv.*, 63 F.4th 292, 301 (5th Cir. 2023); *see also Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (setting forth same elements). Defendant contends, correctly, that Plaintiff has not pleaded that he was discharged because of his age or that he was replaced by someone younger. Defendant's motion to dismiss Plaintiff's age discrimination claim as currently pleaded should be granted. Again, Plaintiff should be given leave to amend and is instructed that a claim for age discrimination under the ADEA must expressly allege Plaintiff's age, the adverse employment action he contends was based on his age, and whether a younger individual replaced him.

### C. Disability discrimination

To establish a prima facie case of disability discrimination under the Rehabilitation Act based on his discharge, Plaintiff must show that he: (1) has a

7

disability; (2) was qualified for his position; (3) worked for a program or activity receiving Federal financial assistance; and (4) suffered an adverse employment action because of his disability. *McKay v. Johanns*, 265 F. App'x 267, 268 (5th Cir. 2008); *Anzaldua v. Brennan*, No. 7:16-CV-615, 2017 WL 10153541, at *6 (S.D. Tex. July 25, 2017) (same). To establish a prima facie case of disability discrimination based on the USPS's failure to make reasonable accommodations, Plaintiff must show: "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith v. Harris Cnty., Texas*, 956 F.3d 311, 317 (5th Cir. 2020).

Defendant contends that Plaintiff's Complaint fails to allege either a disability that is covered by the Rehabilitation Act or that Plaintiff suffered an adverse employment action because of his disability. Plaintiff clearly alleges he suffers from diabetes and severe depression and that he was discharged and denied reasonable accommodations. Yet, Defendant is correct that Plaintiff fails to allege his disabilities substantially limit one or more major life activities, such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995) (citing 29 C.F.R. § 1630.2, which sets out a non-exclusive list of major life activities). Defendant also points out that the Complaint fails to allege Plaintiff

was discharged because of his disability. Further, while the Complaint alleges that Plaintiff requested and was denied reasonable accommodations, it does not specify the accommodation Plaintiff requested. Defendant argues, for example, that if Plaintiff cannot carry and deliver heavy bundles of mail, he is not qualified for his position as a mail carrier. ECF 6 at 8 (citing *Vargas v. DeJoy*, 980 F.3d 1184, 1188-89 (7th Cir. 2020)).

Because the Complaint lacks facts alleging Plaintiff's disabilities and the accommodations he sought, it fails to state a plausible claim for disability discrimination. Therefore, Defendant's Motion to Dismiss Plaintiff's disability discrimination claims should be granted. However, Plaintiff should be granted leave to amend his Complaint to properly allege a disability discrimination claim under the Rehabilitation Act. If Plaintiff intends to pursue such a claim, he must include allegations in an Amended Complaint demonstrating his disabilities, the major life activities impacted by his disabilities, the adverse employment action(s) he claims were the result of disability discrimination, and facts that support a causal connection between his disabilities and any adverse employment action. Further, Plaintiff must allege with specificity the reasonable accommodations he requested from the USPS, when they were requested, and when they were denied.

### E. Retaliation

In order to demonstrate a prima facie case of retaliation under any of the applicable anti-discrimination statutes, Plaintiff must show: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (stating elements of retaliation under Title VII and § 1981); *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020) (stating elements of retaliation under ADA); *Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 869 (5th Cir. 2016) (stating elements under ADEA). In the retaliation context, an adverse employment action is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945–46 (5th Cir. 2015) (noting that that adverse employment action standard for retaliation claims is less demanding than an ultimate employment decision standard for discrimination claims) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). To meet his ultimate burden on the causation element, Plaintiff must prove "that the adverse employment action taken against the plaintiff would not have occurred 'but for' h[is] protected conduct." *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

Defendant argues that Plaintiff's Complaint fails to allege he engaged in protected activity and fails to show the required causal connection between protected activity and any adverse employment action. ECF 6 at 4-5. Defendant's arguments, however, attempt to hold Plaintiff to a burden of proof, not pleading. Although the Complaint does not use the phrase "protected activity," Plaintiff alleges numerous acts that fall within the meaning of that phrase, including reports to management of harassment, numerous requests for reasonable accommodations, and at least two EEOC complaints. *See, e.g.,* ECF 1-1 ¶¶ 9-10, 15, 21-28, 52. The Complaint also does not use the phrase "but-for causation," but Plaintiff alleges that his harassment worsened after his complaints, and that he was ultimately terminated after filing his January 2018 EEOC charge. ECF 1-1 ¶¶ 11, 53.

Construing the pro se Complaint liberally, the Court concludes that Plaintiff's retaliation claims should not be dismissed based solely on his pleading and thus Defendant's motion to dismiss this claim should be denied. *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)). Nonetheless, Plaintiff is instructed to clearly allege facts in an Amended Complaint that: (1) demonstrate each protected activity in which he engaged; (2) identify the adverse employment action(s) he

alleges resulted from the protected activity; and (3) support his belief that that the two events are connected.

### F. Hostile work environment

A successful claim for a hostile work environment based on race, age, or disability requires proof that Plaintiff: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race, age, or disability; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (stating the elements of a hostile work environment claim based on race); *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (stating the elements of a hostile work environment claim under the ADA); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (recognizing a claim under the ADEA for age-based hostile work environment with substantially the same elements as above).

Defendant moves to dismiss Plaintiff's Complaint because it fails to allege actionable harassment. ECF 6 at 9-10. Defendant also contends that the Complaint fails to allege that the harassment Plaintiff encountered was due to his status in a protected group. *Id.* To be actionable, alleged harassment must go beyond "simple teasing, offhand comments, and isolated incidents." *Johnson v. Halstead*, 916 F.3d

410, 418 (5th Cir. 2019) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Plaintiff's Complaint makes conclusory allegations of harassment tied to symptoms from his diabetes. ECF 1-1 ¶¶ 12-14 (asserting he was harassed and humiliated for having to bring undelivered mail back to the office, having to use a sun umbrella, and having to go to the bathroom frequently). The Complaint further alleges that the harassment made Plaintiff's medical condition worse, resulting in his being placed on leave without pay due to numerous absences. ECF 1-1 ¶¶ 11, 16. The Complaint fails to allege acts of harassment based on Plaintiff's race or age, although he previously complained of such harassment to the EEOC. ECF 1-1 at 17-22.

The Court concludes that Defendant's Motion to Dismiss Plaintiff's hostile work environment claims should be granted, but with leave to amend. Plaintiff is instructed that he must be able to plead and prove harassment that is "sufficiently pervasive or severe to alter the conditions of employment an create an abusive working environment." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021). This standard requires more than a few harsh words or isolated acts. *Id.* Further, he must be able to allege, with factual support, that the complained of harassment was due to or because of his membership in a protected group, and that his employer knew about the harassment and did nothing to stop it. *See, e.g., Ramsey*, 286 F.3d at 268 (identifying elements of a hostile work environment claim).

## IV. Conclusion, Recommendation, and Notices to Parties

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED in part and DENIED in part, but that prior to dismissal of any of Plaintiff's claims with prejudice, Plaintiff be GRANTED leave to file an Amended Complaint within 14 days of any Order adopting this Memorandum and Recommendation.

Plaintiff is notified that failure to file an Amended Complaint within the 14-day time-period may result in dismissal of his claims with prejudice on grounds that he has already pleaded his best case and amendment would be futile.

Defendant is notified that it is the usual practice of this Court to allow each party to file only one dispositive motion. In the present case, the Court will permit Defendant to file one additional dispositive motion. However, Defendant is cautioned that if it files a Motion to Dismiss the Amended Complaint, and any portion of that motion is denied, Defendant will not be permitted to file a subsequent motion for summary judgment.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 23, 2023, at Houston, Texas.

*/s/ Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge