United States District Court
Southern District of Texas
**ENTERED**
May 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BABU K. THOMAS,  §<br>*Plaintiff*,  §<br>  §<br>v.  §   CIVIL ACTION NO. 4:22-CV-3157<br>  §<br>LOUIS DEJOY, POSTMASTER GENERAL,  §<br>UNITED STATES POSTAL SERVICE,  §<br>*Defendant*.  §  | |

## MEMORANDUM AND RECOMMENDATION

Before the Court are Plaintiff's Motion for Post-Judgment Relief and Reconsideration (ECF 69) and Plaintiff's Opposition to Defendant's Bill of Costs (ECF 70).[1] The Court recommends that the Motion be denied and the objections be overruled.

### I.   Procedural Background

Plaintiff, proceeding pro se, filed a Complaint for Employment Discrimination on September 15, 2022 alleging race, age, and disability discrimination and retaliation by his former employer, the United States Postal Service (USPS). ECF 1. After ruling on a motion to dismiss (ECF 13; ECF 19), granting leave to file an amended Complaint (ECF 18), ordering mediation (ECF 37;

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

ECF 43), and conducting at least one discovery conference (ECF 46; ECF 49), the Court issued a Memorandum and Recommendation on February 12, 2025 recommending that Defendant's Motion for Summary Judgment be granted and Plaintiff's claims be dismissed with prejudice. ECF 54. Plaintiff filed Objections. ECF 56. The District Judge reviewed the Memorandum and Recommendation and Objections and adopted the recommendations in full. ECF 64. On March 14, 2025, the Court entered a Final Judgment dismissing Plaintiff's claims with prejudice and taxing costs against Plaintiff. ECF 65.

## II.     Defendant's Bill of Costs

In accordance with Local Rule of the Southern District of Texas 54.2, Defendant filed a Bill of Costs on March 21, 2025, less than fourteen days after entry of judgment. ECF 68. Plaintiff did not object to the Bill of Costs within 7 days of filing as required by Rule 54.2. Therefore, on April 7, 2025, the Clerk taxed costs in the amount of $1,367.00. Plaintiff filed objections to the Bill of Costs only after they were taxed, on April 11, 2025. ECF 70. Plaintiff's objections are not only late but are without merit because Defendant sought costs only for Plaintiff's deposition. ECF 68. The Fifth Circuit has clearly ruled that it is not necessary for a deposition to have been entered into evidence to be deemed "necessarily obtained for use in the case." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). The district court has discretion to make a factual determination whether a

deposition was necessarily obtained for use in the case. *Id.* Plaintiff's deposition was clearly obtained for use in this case even though Defendant did not cite the deposition in its summary judgment briefing. The Court therefore recommends that Plaintiff's objections to the taxation of costs be overruled.

### III.  Plaintiff's Motion for Post-Judgment Relief and Reconsideration

On March 28, 2025, 14 days after entry of the Final Judgment, Plaintiff filed his Motion for Post-Judgment Relief and Reconsideration. ECF 69. Because the Motion was filed less than 28 days after entry of judgment, the Court considers it as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (construing motion to reconsider a dismissal order as a motion to alter or amend a judgment under Rule 59(e)); *Garza v. Allied Prop. and Cas. Ins. Co.,* Civil Action No. SA:16-cv-926, 2017 WL 8181015 *1 (W.D. Tex. Nov. 28, 2017) (citations omitted) (holding that a motion to reconsider a dispositive ruling filed within 21 days of judgment is considered under Rule 59(e)). A rule 59(e) motion calls into question the correctness of a judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

Under Rule 59(e), amending a judgment is appropriate when (1) there has been a change in intervening law; (2) the movant presents newly discovered evidence that was previously unavailable; or (3) it is necessary to correct a manifest

error of law or fact. *Garza*, 2017 WL 8181015 at *1. It is not a proper vehicle for rehashing arguments. *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 308 (5th Cir. 2021) (quoting *Templet*, 367 F.3d at 479). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).

Plaintiff fails to meet his burden to show a manifest error of law or fact or to present newly discovered evidence. *See* ECF 69; ECF 72. Plaintiff's Motion establishes only that Plaintiff disagrees with the Court's ruling. Plaintiff was afforded a full and fair opportunity to brief the issues on summary judgment and to object to the Court's Memorandum and Recommendation. ECF 42; ECF 47; ECF 51; ECF 53; ECF 56. Therefore, the Court recommends that Plaintiff's Motion for Post-Judgment Relief and Reconsideration be denied.

### IV.  Conclusion and Recommendations

For the reasons discussed above the Court RECOMMENDS that Plaintiff's objections to the Bill of Costs be OVERRULED and Plaintiff's Motion for Post-Judgment Relief and Reconsideration be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 01, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge